WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marisol Villalobos Mercado, | No. CV-20-00423-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Marisol Villalobos Mercado ("Plaintiff") filed a Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 33), seeking an award of $23,386.50. Plaintiff's Motion was backed by her Memorandum in Support. (*See* Doc. 34). The Social Security Administration ("SSA") Commissioner (the "Commissioner") filed a Response (Doc. 36) neither supporting nor opposing the award sought.

**I.     Background**

Plaintiff filed Applications for Disability Insurance benefits and Supplemental Security Income benefits on May 12, 2016, for a period of disability beginning on May 7, 2014. (R. at 19). Her claim was denied initially on August 5, 2016, and was then denied on reconsideration in December of 2016. (*Id.*) Following a subsequent hearing, the ALJ denied Plaintiff's claims on January 25, 2019. (*Id.* at 19, 30). The Appeals Council denied Plaintiff's review request and adopted the ALJ's decision as its final decision, prompting Plaintiff to seek judicial review. (*Id.* at 1–3). On April 29, 2021, the Court reversed the ALJ's decision and remanded the case for further proceedings. (*See* Doc. 24). Despite

Defendant's opposition (*see* Doc. 29), the Court also issued Plaintiff an award of $10,558.29 in attorney fees under the Equal Access to Justice Act ("EAJA"). (Doc. 31).

On remand, Plaintiff recovered past-due benefits in the amount of $93,546.00. (Doc. 34-1 at 6). A portion of these benefits were withheld in case Plaintiff's counsel required payment. (*Id.*) Plaintiff's counsel now seeks $23,386.50 in attorney fees.

## II.     Legal Standard

Section 406[1] establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795–96 (2002). Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Fees are payable out of, and not in addition to, the amount of the past-due benefits. *Id.* Before awarding fees, the Court must consider whether the 42 U.S.C. § 406(b) fee requested is (1) within the statutory guidelines; (2) consistent with the fee agreement; and (3) reasonable in light of the contingent-fee agreement. *Gisbrecht*, 535 U.S. at 807–08.

## III.    Discussion

Plaintiff's counsel is seeking $23,386.50 in § 496(b) fees. (Doc. 34 at 1). Upon review of the Itemization of Services (Doc. 34-3), the time expended and the amounts charged by Plaintiff's counsel are reasonable in this case. First, the fees sought adhere to § 406(b)'s guidelines. Plaintiff was awarded $93,546.00 in back past-due benefits, and the requested $23,386.50 in attorney fees equals 25% of the award. Second, this amount is consistent with the fee agreement which clearly states that Plaintiff's attorney would be entitled to 25% of past-due benefits. (Doc. 34-2 at 2). Lastly, the requested fee is reasonable given the contingent-fee agreement because it reflects the nature of the recovery. (Doc. 34 at 5). Plaintiff's case had a substantial risk of loss because Plaintiff

---

[1] Unless where otherwise noted, all Section references are to the Social Security Act.

had been repeatedly denied on agency review before the initiating this civil action. (*Id.*). In sum, the Court finds that the amount requested is reasonable under *Gisbrecht* and will award Plaintiff $23,386.50 in § 406(b) fees.

Under the present circumstances, however, an offset is necessary. The Court granted Plaintiff's Motion for Attorney Fees under the EAJA and awarded fees in the amount of $10,558.29. (Docs. 26, 31 ($819.28 was deducted from the original amount requested by Plaintiff based on Defendant's Response.)). When an attorney receives an award under § 406(b) and the EAJA, the attorney must refund to the client the smaller of the awards. *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012) (holding "[w]here the same attorney represented a claimant at each stage of judicial review, the court need merely offset all EAJA awards against the § 406(b) award"). Given the $23,386.50 award of § 406(b) fees to Plaintiff's counsel, the fees awarded under the EAJA here shall be refunded to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 33) is granted under 42 U.S.C. § 406(b). Plaintiff's counsel Mark Caldwell is awarded $23,386.50 in attorney fees to be paid out of the sum from Plaintiff's past-due benefits. Payment is deliverable to counsel's office: Mark Caldwell, PC, 8205 S. Priest Dr., PO Box 10446, Tempe, AZ 85284.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund to Plaintiff the lesser of the fees awarded under 42 U.S.C. § 406(b) and the Equal Access to Justice Act.

Dated this 7th day of November, 2025.

Honorable Diane J. Humetewa
United States District Judge